### H. B. WARD *v.* ·W. T. KENT *et al.*

1. CHANCERY PLEADINGS AND PRACTICE. *Replevin Bond. Surety.* A bill of review, by a surety of the defendant in the original suit upon bonds given to replevy property attached, based on the ground that the bonds were not statutory bonds; that the decree charged the obligors with interest when the bonds contained no stipulation to pay interest; and that the decree was for the full value of the property, when some of the live chattels replevied died pending the suit,—cannot be sustained when the recitals in the decree, as set out in the bill, describe good statutory bonds, and do not show the death of any of the live stock replevied.

2. SAME. *Same.* The party aggrieved is, under the provisions of the Code, entitled to all the remedies given on correct replevin bonds, although the bonds are not conditioned as required by law, and are made payable to the sheriff instead of the plaintiff.

3. SAME. *Same.* A bond given to replevy property attached, in the penalty of double the value of the property, conditioned for the forthcoming of the property to answer the final decree, must be regarded as falling under the second class of bonds mentioned in the Code, sec. 3509, and as conditioned to pay the value of the property with interest in the event the defendant be cast in the suit, and a decree thereon for less than the penalty, and for the value of the property as fixed by the bond with interest, neither party·demanding a reference, is in accordance with the statute and good.

FROM WHITE.

Appeal from the Chancery Court at Sparta. W. G. CROWLEY, Ch.

C. C. MARCHBANKS for complainant.

FARRIS for defendants.

COOPER, J., delivered the opinion of the court.

The chancellor dismissed this bill on demurrer, and the complainant appealed.

The bill was filed on the 5th of September, 1877, as a bill of review. The decree sought to be revived was rendered at the May term, 1877, in the case of W. T. Kent against G. A. Fish and others, upon a bill filed on the 24th of August, 1870, seeking a money recovery, and attaching property for its security. A portion of the personal property attached was replevied, the present complainant, H. B. Ward, becoming a surety on the replevy bonds. On final hearing, the court rendered a decree in favor of Kent against Fish for $1,217.40, and against the obligors in the replevy bonds for $625, being the value of the property replevied with interest from the date of the replevy, and less than the penalty of the bonds.

The bill is not based upon any newly discovered evidence, but seeks to reverse the decree for errors of law. The errors relied on are, that the replevy bonds were not statutory bonds; that the decree charged the obligors with interest, when the bonds contained no stipulation to pay interest; and that the decree was for the full value of the property, when some of the live chattels replevied had died pending the litigation, without any fault on the part of the obligors.

Errors apparent for which a bill of review will lie, are not errors in the regularity of the proceedings, nor erroneous deductions from the evidence, but errors of law patent on the face of the pleadings and decree: *Eaton* v. *Dickinson,* 3 Sneed, 401; *Livingston*

9—VOL. 6.

v. *Noe,* 1 Lea, 55. In the case before us, as the pleadings would contain nothing in relation to the replevy bonds, the error must appear on the face of the decree. Although that decree may be erroneous upon the evidence then before the court, still we cannot look to that evidence, nor *a fortiori* to evidence which might have been produced but was not.

This bill does not make a copy of the decree sought to be reviewed an exhibit, nor undertake to recite its language. It is impossible to say that the court has erred in its application of the law to the facts shown by the decree, unless we know what those facts are. So far as we can see from this bill, the decree merely recites, as to each of the replevy bonds, that H. B. Ward is liable to W. T. Kent for so many dollars under a replevy bond executed by the principal, meaning him, and H. B. Ward as surety, for certain chattels specified, which in all were valued at a given sum. Upon such a recital, there is clearly no error in the decree. The details given are such as are essential to a proper statutory bond. We cannot look outside of the decree to see whether the bonds, upon which these recitals are alleged to have been made, were in fact statutory bonds. The bill itself shows that the bonds on which the complainant was held liable were executed for the purpose of replevying property attached in the original cause. The bonds are made exhibits to the bill. Each of them is in the penalty of double the value of the property replevied, and is conditioned for the forthcoming of the property to answer the final decree. One of these

bonds is made payable to the original · complainant, Kent, while the obligee of the other is the sheriff who levied the attachment. Neither bond is conditioned as prescribed by the Code, sec. 3509, and one of them is made payable to the sheriff instead of the plaintiff. The Code, sec. 3514, does, however, provide for the rendition of judgment on a bond conditioned for the forthcoming of the property, and, by sec. 3512, makes all replevy bonds subject to the rules prescribed in secs. 773, 774. By the first of these last named sections it is in substance provided, that if any person act under a bond which is not in the penalty, nor made payable or conditioned as prescribed by law, or is otherwise defective, the bond is subject, on condition broken, to all the remedies which the person aggrieved might have maintained on a correct bond. And, by sec. 774, the obligor and his sureties are estopped, by the receipt of money or property on the faith of the bond, to deny its validity, or the legality of the proceedings under which the money or property was obtained. Under these provisions of the Code, even if we can look to the bonds exhibited with the bill, it is clear that the complainant in the original cause was entitled to all the remedies on these bonds which he might have had on correct bonds. There is, consequently, nothing in the first error of law relied on.

The bonds being conditioned for the delivery of the property, and the penalty being in double the value of the property, must be regarded as falling under the second class of bonds mentioned in sec.

3509, and as conditioned to pay the value of the property, with interest, in the event the defendant be cast in the suit: *Kuhn* v. *Spellacy*, 3 Lea, 278. The proper judgment on the bond, which may be satisfied by a delivery of the property. The decree being for less than the penalty, cannot be complained of on that ground; and being for the value of the property as fixed by the bond, neither party demanding a reference so far as appears, with interest, is in accordance with the statute: 3 Lea, 283. The obligees could not, even on appeal, complain of the decree without having demanded a reference, nor, of course, is there any ground for a bill of review: *Id.*, 282. There is nothing, therefore, in the second error relied on. The bill does not pretend that the death of the cattle replevied appeared on the face of the decree sought to be reviewed, or claim that the facts could not have been then brought before the court by proof. There is clearly no error apparent in this regard.

Affirm the decree, with costs.